**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MELVENE KENNEDY,

    *Plaintiff*,

    v.

JAMES B. NUTTER & CO.,

    *Defendant*.

Civil Action No. 22-00140

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    This case concerns disputes between a mortgagor and mortgagee. Plaintiff Melvene Kennedy, *pro se*, sues James B. Nutter & Co. ("JBNC"), alleging (1) that it "engaged in a plethora of both unconscionable commercial business practices and unfair & deceptive acts and practices," in violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 58:8-1; (2) breach of contract; and (3) breach of the implied covenant of good faith and fair dealing. Currently pending before the Court is Defendant's motion to dismiss the Complaint ("Compl.") on the grounds of collateral estoppel, *res judicata*, the New Jersey Entire Controversy Doctrine, and for failure to state a claim as to all three Counts. D.E. 8. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the following reasons, Defendant's motion is **GRANTED**.

---

[1] The submissions consist of Defendant's motion, D.E. 8, and the accompanying brief, D.E. 8-1 ("Br."); Plaintiff's opposition, D.E. 11 ("Opp."); and Defendant's reply, D.E. 12 ("Reply"). Plaintiff's opposition brief appears to be missing pages. The Court consulted with the Clerk's Office and confirmed that the incomplete brief on the docket is what Plaintiff submitted.

I.  **BACKGROUND**[2]

While Plaintiff did not set forth the background necessary to understand her claims—and the Complaint could be dismissed on this basis—Defendant did. Plaintiff does not appear to contest the basic facts, and her exhibits corroborate them. Essentially, Plaintiff had a mortgage on real property, and JBNC was the mortgagee. *See* D.E. 1-1 at 21, 29-35. When Plaintiff defaulted on the loan, JBNC brought a foreclosure action in New Jersey Superior Court. *See* D.E. 8-2 at 5-21. JBNC obtained a final judgment of foreclosure ("Foreclosure Judgment") in the Superior Court of New Jersey, Chancery Division, Essex County. *See* D.E. 8-2 at 23-25. JBNC also obtained later orders amending the initial order to include additional funds owed to JBNC (the "Amendments to the Foreclosure Judgment"). *See* D.E. 8-2 at 27-28; D.E. 11-2 at 3-36. The property was sold at Sheriff's sale on June 14, 2022. *See* D.E. 8-2 at 30-34; D.E. 11-4 at 9-16. Kennedy opposed the foreclosure and eventual sale throughout the foreclosure action. D.E. 8-2 at 36-42.

In this matter, Plaintiff alleges that JBNC engaged in conduct violating the NJCFA. Specifically, she claims that JBNC (1) "failed to credit Kennedy on account for money paid," (2) "failed to credit Kennedy on account for property tax, insurance, other miscellaneous refunds it received," (3) duplicated certain charges on her account, (4) "inflated loan balances on several Mortgage Bank Statements," (5) "received refund checks from Essex County Sheriff for cancelled Sheriff Sales" and "failed to credit Kennedy" these amounts, (6) "fraudulently secured post judgment Orders to be paid more money in State Court," (7) "increased the amount to redeem" by

---

[2] The factual background is taken from Plaintiff's Complaint, D.E. 1, and the exhibits thereto, D.E. 1-1. The Court also considered various documents from the underlying foreclosure action as matters of public record. *See Logan v. Bd. of Educ. of Sch. Dist. of Pittsburgh*, 742 F. App'x 628, 631-32 (3d Cir. 2018).

refusing Kennedy's redemption payment, and (8) unlawfully charged Kennedy late fees and interest during Cares Act forbearance." Compl. ¶ 8.

Plaintiff also bring a breach of contract claim, which alleges that JBNC "offered an unfair 12-month work-out plan as the only workout offer to avoid foreclosure" and then "refused to provide a contract stipulating terms agreed upon and unfairly proceeded to foreclose." *Id.* ¶¶ 9-17. Plaintiff further asserts a claim for breach of the implied covenant of good faith and fair dealing. Plaintiff alleges that JBNC "hampered and obstructed Kennedy from loan reinstatement while in Cares Act Forbearance which had the effect of destroying and injuring Kennedy's rights[.]" *Id.* ¶ 19. Plaintiff claims that "JBNC purposefully mailed Kennedy's bank statement to the wrong address to keep her ill-informed and unaware of proper amount required [to] redeem." *Id.* ¶ 20. Kennedy also alleges that "[b]ut for JBNC's unlawful conduct, movant would have and should have been afforded the lawful right to reinstate her loan." *Id.* ¶ 21. Plaintiff adds that she "had a right to a fair repayment plan to bring the loan current. Instead she was forced to accept an unfair, inequitable, one option payoff agreement with oppressive and exploitative terms." *Id.* ¶ 22. Plaintiff alleges this was a "malice filled mission to ensure Kennedy did not keep the home" and without it, "a sheriff sale could never happen." *Id.* ¶ 25.

Plaintiff filed the Complaint on January 11, 2023. The present motion followed. D.E. 8. After briefing was complete on the motion, Plaintiff filed an "Amended Verified Complaint" on the docket. Plaintiff did not file a motion to amend as required, and thus the Court considers the initial Complaint, D.E. 1., as the operative pleading.

## II.     STANDARD OF REVIEW

In addition to arguing that the Complaint should be dismissed for failure to state a claim, Defendant argues that Plaintiff's claims are barred by the doctrines of collateral estoppel and *res judicata*. "Although res judicata and collateral estoppel are affirmative defenses, they may be raised in a motion to dismiss under [Fed. R. Civ. P.] 12(b)(6)." *Walzer v. Muriel, Siebert & Co.*, 221 F. App'x 153, 155 (3d Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id*. at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted). Ultimately, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted); *see also Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 158 (3d Cir. 2001) (citation omitted) ("The party seeking to take advantage of claim preclusion has the burden of establishing it.").

Because Plaintiff is proceeding *pro se*, the Court construes the pleading liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### III. ANALYSIS

#### A. *Res Judicata*-Claim Preclusion

"Although *res judicata* is an affirmative defense, it may be considered on a motion to dismiss if its applicability can be determined from the face of the complaint and documents properly considered on a Rule 12(b)(6) motion." *Siljee v. Atl. Stewardship Bank*, No. 15-1752, 2016 WL 2770806, at *6 (D.N.J. May 12, 2016). To determine whether a state court judgment precludes subsequent federal court action, the federal court must look to "the law of the state that adjudicated the original action." *Id.* (citing *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 357 (3d Cir. 1999)). Here, the prior foreclosure action took place in New Jersey. New Jersey and federal law, require the same three elements for *res judicata*:

> (1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.

*Watkins v. Resorts Int'l Hotel & Casino, Inc.,* 591 A.2d 592, 599 (N.J. 1991). Further, "[c]laim preclusion applies not only to matters actually determined in an earlier action, but to all relevant matters that could have been so determined." *Id.* (citation omitted).

First, the Final Judgment and Amendments to the Final Judgment constitute valid, final judgments on the merits which determined what was due to JBNC from Kennedy pursuant to the

mortgage and the propriety of selling the property at a Sheriff's sale. While Defendant notes that Kennedy's appeal is currently pending in the New Jersey Appellate Division, Br. at 4-6, New Jersey law provides that "a state trial court's resolution of a matter is 'final' for *res judicata* purposes even if an appeal of the matter is pending." *Gordon v. E. Orange Veterans Hosp.*, No. 11-4066, 2013 WL 5730496, at * 9 (D.N.J. Oct. 22, 2013) (citing *In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997)); *Greogry Mktg. Corp. v. Wakefern Food Corp.*, 504 A.2d 828, 837 (N.J. Super. Ct. Law. Div. 1985) (noting that *res judicata* "should be applied even if the final judgment in the prior action is pending on appeal" and that "[w]hile their appeal is pending, plaintiffs are not permitted to pursue a multiplicity of actions when they have already litigated the issues in one forum"). Both Kennedy and JBNC were parties to that action. And here, all of Plaintiff's claims arise out of or relate to her mortgage, what JBNC was due pursuant to that mortgage, and the propriety of the foreclosure and eventual sale. These questions were the subject of the foreclosure action. All of the requirements for claim preclusion are met, and thus Plaintiff's Complaint is dismissed in its entirety as barred by *res judicata*.[3]

Plaintiff argues that her "claims stems [*sic*] from post judgment injuries" and that "[r]es [j]udicata does not bar claims based on events that postdate the filing of the initial complaint." Opp. at 1. The Court disagrees. Plaintiff challenges the findings encompassed within the Foreclosure Judgment and Amendments to the Foreclosure Judgment themselves, and indeed seeks, in part, "[e]quitable [r]elief to restore title to Kennedy," "refund of money" from JBNC. Compl. at 8. The Court will not disturb the state court judgments. *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 153 (applying Pennsylvania claim preclusion and finding that

---

[3] Because the claims are barred by *res judicata*, the Court does not address Defendant's remaining arguments for dismissal.

"[t]he claims regarding the legality of the foreclosure are predicated on the same underlying transaction (the mortgage agreement) that was the basis of the foreclosure action"); *Ezekoye v. Ocwen Fed. Bank FSB*, 179 F. App'x 111, 112-13 (3d Cir. 2006) (upholding dismissal based on *res judicata* where there was a final judgment in an underlying mortgage foreclosure action and plaintiff alleged that the mortgagee's "conduct related to the mortgage foreclosure violated a host of federal and state statutes, and Pennsylvania common law"); *Brown v. U.S. Bank Nat'l Ass'n*, No. 11-3123, 2011 WL 5526024, at *2 (D.N.J. Nov. 14, 2011) (finding plaintiff's claims, which alleged "violations of [plaintiff's] constitutional rights in a dispute over a mortgage on her property," were barred by *res judicata* because "the claims in the Federal Action arise from the same transactions or occurrences as the claims that were raised, or should have been raised, in the State Foreclosure Action").[4]

## IV. CONCLUSION

For the reasons stated herein, and for good cause shown,

IT IS on this 5th day of September 2023,

**ORDERED** that Defendant's motion to dismiss the Complaint, D.E. 8, is **GRANTED**; and it is further

**ORDERED** that the Complaint is dismissed; and it is further

---

[4] While Defendant did not raise the issue, the *Rooker-Feldman* doctrine would render the Court without jurisdiction as to Plaintiff's claims insofar as they invite this Court to review and reject the state court's Foreclosure Judgment and Amendments to the Foreclosure Judgment. *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see Bullock v. Trenton Bus. Assistance Corp.*, No. 10-4911, 2010 WL 5419031, at *1 (D.N.J. Dec. 23, 2010) ("This Court cannot directly or indirectly review, negate, void, or provide relief that would invalidate the state court judgment." (citation omitted)); *Laychock v. Wells Fargo Home Mortg.*, 399 F. App'x 716, 718 (3d Cir. 2010) ("Any claim relying on allegations of wrongful foreclosure must be rejected under the *Rooker-Feldman* doctrine.").

**ORDERED** that the Clerk of the Court is directed to close this matter; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Opinion and Order to Plaintiff by regular mail and certified mail return receipt.

_____
John Michael Vazquez, U.S.D.J.